† FOSTER, *Plaintiff in Review,* versus HINCKLEY.

A party, who on the trial of a writ of *review*, obtains the reversal, in effect, of the original judgment against him, by means of a certificate in bankruptcy, is not entitled under the statute of this State to recover costs.

ON EXCEPTIONS from *Nisi Prius*, APPLETON J., presiding. This was an ACTION IN REVIEW.

At the June term, 1843, the defendant in review recovered a judgment against plaintiff and one Brown, who has since deceased.

In June, 1844, Foster, the plaintiff, obtained a certificate of discharge in bankruptcy from all his debts due Jan. 28, 1843.

In his petition, in 1853, for a review, he set out that certificate. This petition was granted — the writ of review sued out, and, at the Jan. term, 1855, the plaintiff pleaded his discharge in bankruptcy and produced his certificate in Court.

Judgment was thereupon rendered for the plaintiff in review, and he moved for costs, which motion was denied.

The other matters being arranged by the parties, the question of costs alone remained for the determination of the Court on exceptions to the ruling.

*J. A. Peters*, for defendant in review.

*W. C. Crosby*, for plaintiff in review.

TENNEY, J. — The review was obtained by authority of the statute of 1852, c. 250, and the writ therein was entered October term, 1854, and continued to January term, 1855, when the original defendant pleaded his discharge in bankruptcy, and produced his certificate in Court. Judgment was thereupon rendered by consent, in favor of the original defendant.

The plaintiff in review presented his motion for costs in the action of review, and relied upon R. S., c. 124, § 10, in its support. The defendant in review resisted the motion and invoked the statutes of 1844, c. 115, and of 1848, c. 60. No greater reason is perceived for the allowance of costs, when the certificate, obtained after judgment in the original action in favor of the plaintiff therein, upon a review of the action, should be pleaded and produced, and cause a reversal of the judgment, than when the certificate of discharge should have been obtained after the commencement of the original suit, and should be used successfully to defeat it. And we think, upon an examination of all the statutes bearing upon the question, it is very clear that the Legislature did not intend, that the distinction should be made.

Under R. S., c. 124, § 6, and the statute of 1848, c. 60, the trial upon the review, if one should take place, would be upon the issue, whether the original defendant had prepared himself to take the benefit of the latter Act. The former provides, that the cause shall be tried on the issue joined in the former suit; or the Court "may admit additional issues." By the statute of 1848, referred to, "in any action when the defendant shall plead and rely upon his certificate in bankruptcy, as matter of defence, and when the said certificate was obtained after the commencement of the suit, such defendant shall recover no costs," &c. The terms, "action" and "suit," in this statute, evidently refer to the same general cause, under the formal processes, which

bring the subject before the Court. The pleading referred to therein, is to the original process, and the "suit," after the commencement of which, the certificate of discharge was obtained, is the same. Any other construction would give the statute of 1848 a very limited application.

After the trial of an action of review, there is but one judgment designed to remain effectual, in the whole cause, excepting in those cases, which fall under sections 12 and 13 of c. 124 of R. S. But "judgment on the review shall be given as the merits of the cause upon law and evidence shall require, without any regard to the former judgment." In this case, the judgment rendered upon the review in favor of the plaintiff in review, amounts to a reversal of the former judgment, and the case does not fall within the exceptions, and the judgment in the original action becomes a nullity, and can have no effect. This provision renders it manifest, that after the writ of review is sued out, and the parties are in Court, the original process and the writ of review are intended to be treated as one suit.

> *Exceptions overruled. Costs for*
> *plaintiff in review disallowed.*